UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUIS ORTIZ VEGA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GEICO CHOICE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 1:21-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant GEICO Choice Insurance Company's motion to exclude highly prejudicial evidence (Dkt. 59). For the reasons discussed below, the Court will deny the motion without prejudice.

# BACKGROUND

At its heart, this matter is an insurance dispute between an insurer—GEICO—and its insured—Shentasha Bybee. However, the tragic circumstances underlying the claim at issue both complicate this matter and are the subject of GEICO's pending motion in limine.

On November 11, 2017, while driving under the influence, Ms. Bybee ran a stop sign and hit another vehicle. The collision ultimately resulted in the death of

MEMORANDUM DECISION AND ORDER - 1

three individuals, including a mother and child, and caused significant injuries to others.[1] At the time of the accident, Ms. Bybee was insured by GEICO for minimum liability insurance with policy limits of $25,000 per person and up to a maximum of $50,000 per collision.

Following the accident, the Plaintiffs made various claims against Ms. Bybee's GEICO policy. While it appears that settlement negotiations between GEICO—on behalf of Ms. Bybee—and those affected by the crash were undertaken, Plaintiffs eventually filed suit against Ms. Bybee in state court before any settlement payments were issued. That state court action was ultimately settled with Ms. Bybee accepting the entry of a judgment of over $9 million against her, which the Plaintiffs agreed not to execute upon, in exchange for the assignment of all of Ms. Bybee's potential claims against GEICO.

On December 17, 2021, Plaintiffs filed this lawsuit against GEICO. Sitting in the position of Ms. Bybee, as assignees of her claims, the Plaintiffs' complaint alleges three claims: breach of contract, breach of the covenant of good faith and fair dealing, and insurance bad faith. *See Compl.*, Dkt. 1.

---

[1] In addition to the civil suits, Ms. Bybee pled guilty to two counts of vehicular manslaughter and one count of aggravated driving under the influence. Ms. Bybee is currently serving a 15-year term of incarceration in a state facility.

**MEMORANDUM DECISION AND ORDER - 2**

Although this lawsuit was instigated roughly two years ago, it remains in the earlier stages of litigation. In fact, the Court recently granted a joint request to amend the scheduling order. *See Third Amended CMO*, Dkt. 72. Under the latest scheduling order, fact discovery is not set to be finalized until April 2024, the expert discovery cutoff is in June 2024, and the dispositive motion deadline is not until August 2024. *Id.* Trial—in all likelihood—appears to be at least a year away.

Despite the discovery process remaining ongoing, GEICO has already filed a motion in limine seeking to exclude evidence and argument regarding all the details and severity of plaintiffs' underlying accident and injuries, including (1) images of the accident scene, (2) images of the injuries sustained in the accident, (3) testimony regarding the circumstances and results of the accident, and (4) medical records regarding the injuries any Plaintiff sustained. *See Def.'s Mtn.*, Dkt. 59. Interestingly, GEICO's motion is predicated on an unaccepted offer to stipulate that, under Ms. Bybee's policy, there was coverage for the November 11th accident and that the damages sustained significantly exceeded Ms. Bybee's policy limits. *See Def.'s Br.* at 6, Dkt. 58; *Def.'s Reply* at 2, Dkt. 68. Based on that offer, GEICO claims that under Federal Rule of Evidence 403, evidence of the underlying accident is far too prejudicial to be outweighed by its limited probative value and should, therefore, be excluded.

**MEMORANDUM DECISION AND ORDER - 3**

## LEGAL STANDARD

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Accordingly, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Further, rulings on motions in limine are provisional and, therefore, "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Thus, at trial, the court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a motion in limine. *See Luce*, 469 U.S. 38 at 41 ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## ANALYSIS

While the Court recognizes that GEICO has raised valid concerns in its motion—which may need to be reexamined closer to trial—it finds that its request to exclude all evidence regarding the underlying accident sweeps too broadly at

MEMORANDUM DECISION AND ORDER - 4

this stage of litigation.

Initially, the Court agrees with the Plaintiffs that this motion is premature. Discovery in this matter still needs to be completed. No dispositive motions are pending before this Court. And, trial is not imminent. As this Court recently explained, generally, rulings on motions in limine "should be deferred until shortly before trial to ensure that the evidence may be weighed in the proper context." *Carbajal v. Hayes Mgmt. Servs., Inc.*, No. 4:19-CV-00287-BLW, 2021 WL 2711465, at *1 (D. Idaho July 1, 2021); *see also United States v. Babichenko*, No. 1:18-CR-00258-BLW, 2021 WL 2371565, at *2 (D. Idaho June 9, 2021) ("unless the proffered evidence is clearly inadmissible for any purpose, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

GEICO, however, argues that, regardless of the usual practice, its motion should be decided now because it would substantially benefit the parties. *See Def.'s Reply* at 2-3, Dkt. 68. Specifically, GEICO claims that resolving this motion now would prevent the expansion of this case well beyond the Plaintiffs' bad faith claims, and avoid unnecessary, expensive, and ultimately fruitless discovery. *Id.* The Court is not persuaded that an immediate decision is warranted.

First, although GEICO continually frames this matter as exclusively a bad

MEMORANDUM DECISION AND ORDER - 5

faith matter, the complaint also contains claims for breach of contract and breach of the covenant of good faith and fair dealing. *See Compl.*, Dkt. 1. Having not issued any dispositive rulings, the Court has a limited sense of the parties' theories, and the entirety of the allegations in Plaintiffs' complaint remain intact. Second, it is unclear how limiting the scope of such evidence would significantly reduce the burdens of discovery. GEICO's motion is premised on the details of the underlying accident being irrelevant to the claims in this matter, which, from what the Court can discern, are undisputed. Thus, it appears such information would not require a significant allocation of time or resources during discovery. Moreover, at this point, GEICO's concern is only speculative. *See, e.g., Def.'s Reply* at 7, Dkt. 68 ("*If* Plaintiffs plan to offer fact and expert witnesses to testify about the specific facts of the accident or the various injuries they sustained, *then* GEICO certainly has the right to take discovery, including depositions, from each of those witnesses") (emphasis added). Third, even if the Court were to side in GEICO's favor, rulings on motions in limine are only provisional and are not binding on the Court or the parties at trial, *see Ohler*, 529 U.S. at 758 n.3., which is especially true given GEICO's broad sweeping request at such an early stage of litigation. *See Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (motions in limine should

"rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"). In other words, regardless of this decision, GEICO will still have to decide whether pursuing discovery on the underlying accident is worth its time and resources.

Additionally, the Court cannot conclude whether a 403 balancing test demands the exclusion of all evidence related to the underlying accident at this stage of litigation. As GEICO admits—either expressly or impliedly—evidence of the underlying accident is, to some extent, relevant to the claims at hand. *See Def.'s Br.* at 3, Dkt. 58; *Def.'s Reply* at 4, Dkt. 68. GEICO, however, claims that it offered to stipulate to the "only potentially relevant facts[,]" including "that the injuries Plaintiffs sustained exceeded the policy's limits and GEICO was required to pay policy limits under Ms. Bybee's policy." *Def.'s Br.* at 3, Dkt. 58. While the Court agrees that those facts are relevant, they are not the only relevant facts to the claims in this matter. *See* Fed. R. Evid. 401 ("[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

As the Plaintiffs highlight, among other claims, their complaint alleges that GEICO "[f]ailed to recognize that its ability to satisfy all claims within its available limits was unlikely, if not impossible, and failed to act to settle the claims

**MEMORANDUM DECISION AND ORDER - 7**

it could within a reasonable time[;] unreasonably required an overly broad scope of release, to include all potential claimants[;]" and "[i]ncompetently failed to complete settlement with the claimants it could. *See Plf.s' Resp.* at 6-8, Dkt. 64. In fact, even GEICO explains, "[r]esolving this claim was no easy task. There were minors with claims, serious injuries, bills to be paid, countless liens, and Ms. Bybee was in custody and not readily available." *Def.'s Br.* at 9, Dkt. 58. Thus, even through the scope Plaintiffs' bad faith claim, it is unclear how the Plaintiffs are expected to present their case solely on the basis that claims were made for which there was coverage, and that the damages of those claims "greatly" exceeded policy limits. Moreover, it seems for GEICO to present its defense—by justifying the reasonableness of how it handled the claims against Ms. Bybee's policy—GEICO intends to discuss, at least to some extent, the underlying accident and how it impacted the complexity of the claims process. *See id.*

Finally, and perhaps most importantly, while GEICO has informed the Court that it made an offer to stipulate to certain facts, that proposal has not been agreed to by the Plaintiffs, nor does it appear to have even been finalized.[2] *See Def.'s Reply* at 4, Dkt. 68 (offering to stipulate to various additional facts). In other

---

[2] For this additional reason, the Court finds that issuing a ruling in limine is premature as the proposed stipulated facts would alter a 403-balancing test.

**MEMORANDUM DECISION AND ORDER - 8**

words, GEICO's argument is entirely predicated on its ability to unilaterally admit to certain facts at trial to essentially recalibrate a 403-balancing test. GEICO, however, has not provided the Court with any authority showing that the Court's has the discretion to exclude potentially relevant evidence in a civil matter solely based on only an offer to stipulate.[3] Simply put, GEICO has not yet established that this Court can do what it is asking.

Accordingly, the Court will deny GEICO's motion without prejudice. If this issue continues to persist, GEICO is free to renew its motion closer to trial.[4]

## ORDER

**IT IS ORDERED that:**

1. GEICO's Motion to Exclude Highly Prejudicial Evidence Regarding the Underlying Vehicle Accident (Dkts. 58 and 59) is **DENIED** without prejudice.

---

[3] While the law in this Circuit appears to be more settled regarding offers to stipulate in criminal matters, *see Old Chief v. United States*, 519 U.S. 172, 186 (1997), that does not seem to be the case for civil cases. *See, e.g., DeLeon v. Perkins*, No. CV-15-00139-TUC-JGZ, 2017 WL 6415355, at *1 (D. Ariz. June 6, 2017) (collecting cases from other circuits).

[4] If GEICO elects to renew its motion, the Court recommends that the parties address whether the Court has the authority to accept a defendant's offer to stipulate in lieu of allowing a plaintiff to present its case as it desires.

**MEMORANDUM DECISION AND ORDER - 9**

DATED: January 4, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 10**