UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUIS ORTIZ VEGA disabled adult, E.O.R. minor child, K.O.R. minor child, L.O.R. minor child, by and through SILVIA ORTIZ, Guardian, TANYA GREENE as personal representative of the Estate of Cole Hatcher and on behalf of his heirs, and C.C.H. a minor child by and through SALONE PAGE, mother and natural guardian, as Assignees of SHENTASHA BYBEE,<br><br>          Plaintiffs,<br>     vs.<br><br>GEICO Choice Insurance Company, Does I to X, and ROE Corporations I to X,<br><br>          Defendants. | Case No. 1:21-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On July 14, 2024, the Plaintiffs filed a motion to seal (Dkt. 92). Through their motion, the Plaintiffs attempted to file certain documents under seal in relation to their opposition to Defendant's motion for a protective order. *See id*. Despite requesting the sealing of these documents, the Plaintiffs did not file a supporting memorandum or explanation for why these documents should be sealed. However, through additional communications with the Court, it appears that the Plaintiffs filed

**MEMORANDUM DECISION AND ORDER – 1**

these documents under seal in an abundance of caution and as a courtesy to the Defendant.

Since the motion to seal was filed, neither party filed any additional information or justification for sealing the documents. In other words, all that the Court has before it is a series of documents that were filed under seal. *See* Dkt. 92. Based on the record before it, the Court finds it inappropriate to grant the Plaintiffs' motion or seal any of the corresponding documents. Simply put, neither party has shown that "good cause" or "compelling reasons" exist to seal the proffered documents. *See Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (requiring only a showing of good cause to seal documents related to a non-dispositive motion or a motion unrelated to the merits of a case); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) ("the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.") (cleaned up). Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Seal (Dkt. 92) is **DENIED**.[1]

---

[1] If either party believes that these documents should be sealed, they are free to renew the motion to seal with appropriate support and explanation.

DATED: September 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge